**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

PERRY DiTOTO, *

*Plaintiff*, *

v. * Civil Action No. RDB-25-1388

NEVRO CORPORATION, *
GLOBUS MEDICAL, INC., and
UNITED STATES FOOD AND DRUG *
ADMINISTRATION,
*

*Defendants*.
*

* * * * * * * * * * * * *

## MEMORANDUM ORDER

In this products liability action, Plaintiff Perry DiToto ("Plaintiff" or "Mr. DiToto") sues Defendants Nevro, LLC (f/k/a the Nevro Corporation) ("Nevro"), Globus Medical, Inc. (collectively with Nevro, LLC, "Nevro Defendants"),[1] and the United States Food and Drug Administration ("FDA") (collectively, "Defendants") in relation to alleged defects in the implanted medical device Senza II Spinal Cord Stimulation System ("Senza II SCS") distributed by Nevro. *See generally* (ECF No. 19). On May 1, 2025, Mr. DiToto initiated the present action by filing in this Court a seven-count Complaint alleging various products liability claims against Defendant Nevro. (ECF No. 1). On October 20, 2025, Plaintiff then filed the operative, nine-count[2] First Amended Complaint (ECF No. 19), in which he added

[1] This opinion refers to Defendants Nevro, LLC, and Globus Medical, Inc., collectively as the "Nevro Defendants" to maintain consistency with the prior opinions and orders of this Court in this matter. *See* (ECF No. 38). This collective reference is based on Plaintiff's representation that, on February 6, 2025, Globus Medical, Inc. acquired Nevro, LLC such that Nevro is "a wholly owned subsidiary of Globus." (ECF No. 19 ¶ 40).
[2] On May 21, 2026, this Court granted in part and denied in part the Nevro Defendants' Rule 12(b)(6) Motion to Dismiss (ECF No. 29). (ECF No. 38; ECF No. 39). Specifically, this Court granted Defendants' Motion as to Count II of the First

Defendants Globus and the FDA, and alleged products liability claims, other state common law claims, and a claim for declaratory relief. (ECF No. 19 ¶¶ 185–233). This Court has federal question jurisdiction over Count VII, which arises under § 706 of the Administrative Procedures Act, 5 U.S.C. § 706, and diversity jurisdiction over the remaining Counts.[3] *See* 28 U.S.C. § 1331.

Presently pending before this Court is Plaintiff's Motion to Stay Proceedings Pending 28 U.S.C. § 1407 Motion for Transfer (ECF No. 43) ("Plaintiff's Motion"), to which the Nevro Defendants have responded in Opposition (ECF No. 45). The parties' submissions have been reviewed, and no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2025). For the reasons that follow, Plaintiff's Motion to Stay Proceedings Pending 28 U.S.C. § 1407 Motion for Transfer is DENIED.

## BACKGROUND

A comprehensive recitation of the underlying facts in this matter appears in this Court's Memorandum Opinion dated May 21, 2026. (ECF No. 38 at 3–9). Accordingly, the following background only recounts facts insofar as they are relevant to deciding Plaintiff's Motion to Stay Proceedings (ECF No. 43).

On May 1, 2025, Mr. DiToto filed his original complaint in this Court, alleging seven counts of state law claims against Defendant Nevro. *See generally* (ECF No. 1). Defendant

---

Amended Complaint. (ECF No. 38 at 3; ECF No. 39). Accordingly, the operative First Amended Complaint is now limited to eight counts.

[3] As explained in this Court's Memorandum Opinion granting in part and denying in part the Nevro Defendants' Rule 12(b)(6) Motion to Dismiss (ECF No. 38 at 3 n.4), this Court has diversity jurisdiction pursuant to § 1332 because there is complete diversity of citizenship between the partes and the amount in controversy exceeds $75,000. (ECF No. 19 ¶¶ 38–41). As to diversity of citizenship, Plaintiff is a citizen of Maryland; Defendant Nevro is incorporated in Delaware and has its principal place of business in California; and Defendant Globus Medical, Inc., is incorporated in Delaware and has its principal place of business in Pennsylvania. (*Id.* ¶¶ 38–40). Relief from the FDA is only sought under Count VII, over which this Court has federal question jurisdiction.

Nevro moved to dismiss the original complaint on September 29, 2025. (ECF No. 14). On October 10, 2025, Plaintiff filed the operative nine-count First Amended Complaint. (ECF No. 19). Then, on January 9, 2026, the Nevro Defendants filed a Motion to Dismiss the First Amended Complaint. (ECF No. 29). On May 21, 2026, this Court denied as moot Defendant Nevro's Motion to Dismiss the original complaint (ECF No. 14). The Court also granted in part and denied in part the Nevro Defendants' Motion to Dismiss the First Amended Complaint. (ECF No. 38; ECF No. 39). Specifically, this Court granted the Nevro Defendants' Motion (ECF No. 29) as to Count II, thereby dismissing Count II from the present action, and denied the Motion as to Counts I, III, IV, V, VI, VIII, and IX. *See generally* (ECF No. 38; ECF No. 39). Thereafter, the Nevro Defendants filed an Answer (ECF No. 42) to Plaintiff's First Amended Complaint on July 27, 2026.

On August 14, 2026, Plaintiff filed the present Motion to Stay Proceedings Pending 28 U.S.C. § 1407 Motion for Transfer. (ECF No. 43). In his Motion, Plaintiff contends that on June 26, 2026, he and a number of other plaintiffs with claims against Nevro filed a Motion for Transfer with the Judicial Panel on Multidistrict Litigation ("JPML"). (*Id.* at 1). The Motion sought centralization of seventeen cases against Nevro, including this present action. (*Id.*). According to Plaintiff, if proceedings continue in this Court prior to centralization by the JPML, the Parties and this Court will waste significant time and resources on motions practice that would have to be repeated upon transfer to the transferee court. (*Id.* at 2). Thus, Plaintiff contends that a stay will prevent unnecessary litigation costs in this Court, promote judicial economy, and eliminate the risk of inconsistent rulings across jurisdictions. (*Id.*).

On August 29, 2026, the Nevro Defendants filed a Response in Opposition to Plaintiff's Motion to Stay, arguing that the issuance of a stay would not serve the judicial economy here because the Judicial Panel on Multidistrict Litigation ("JPML") has already heard and denied a request to centralize the seventeen cases referenced by Plaintiff. (ECF No. 45 at 3). Additionally, the Nevro Defendants contend that a stay would not reduce the burdens of motions practice because this Court has already ruled on its Motion to Dismiss, and its Motion for Partial Summary Judgment (ECF No. 44) currently stands fully briefed and unopposed. (*Id.*). Finally, the Nevro Defendants assert that a stay would substantially prejudice them because it would prevent this Court from granting its unopposed Partial Motion for Summary Judgment (ECF No. 44). (*Id.*). This matter is now ripe for review.

**STANDARD OF REVIEW**

As the Fourth Circuit explained in *Maryland v. Universal Elections, Inc.*, 729 F.3d 370 (4th Cir. 2013), "[t]he grant or denial of a request to stay proceedings calls for an exercise of the district court's judgment 'to balance the various factors relevant to the expeditious and comprehensive disposition of the causes of action on the court's docket.'" *Id.* at 375 (quoting *United States v. Ga. Pac. Corp.*, 562 F.2d 294, 296 (4th Cir. 1977)). The party seeking a stay "bears the burden of showing that the circumstances justify an exercise of that discretion." *Nken v. Holder*, 556 U.S. 418, 433–34 (2009) (citing *Clinton v. Jones*, 520 U.S. 681, 708 (1997); *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936)). In exercising this "broad discretion," *Clinton*, 520 U.S. at 706, the Court considers three factors: "(1) the impact on the orderly course of justice, sometimes referred to as judicial economy . . .; (2) the hardship to the moving party if

the case is not stayed; and (3) the potential damage or prejudice to the non-moving party if a stay is granted." *Int'l Refugee Assistance Project v. Trump*, 323 F. Supp. 3d 726, 731 (D. Md. 2018).

**ANALYSIS**

As further explained below, the Court, balancing the three factors outlined above, DENIES Plaintiff's Motion to Stay (ECF No. 43).

First, the Court considers the impact on the judicial economy if a stay were issued in this case. *See Int'l Refugee Assistance Project*, 323 F. Supp. 3d at 731. Plaintiff contends that a stay will preserve the judicial economy by relieving this Court and the Parties from wasting time and resources on motions practice that will be repeated in the transferee court. (ECF No.43 at 2). The Nevro Defendants assert that this putative conservation of resources is negligible given that the JPML has already denied a prior request to centralize the same seventeen cases Plaintiff references in his Motion to Stay (ECF No. 43 at 1). (ECF No. 45 at 3); *see also In re Boston Scientific Corporation Spinal Cord Stimulator Prods. Liab. Litig.*, No. 3181, ECF No. 76 (transfer order).

Preliminarily, the Court notes that in the JPML transfer order referenced by the Nevro Defendants, the panel did find that it was appropriate to transfer ten cases involving spinal cord stimulator's manufactured by Boston Scientific for centralization before the Central District of California; however, the panel declined to transfer cases involving spinal cord simulators manufactured by the Nevro Defendants or Abbot Laboratories. *See In re Boston Scientific Corporation Spinal Cord Stimulator Prods. Liab. Litig.*, No. 3181, ECF No. 76 at 3. The crux of the panel's decision concerned the differences among the actions naming each manufacturer. (*Id.*). In the panel's view, a multi-manufacturer MDL may "complicate case

management due to the need to protect trade secret and confidential information" or "prolong pretrial proceedings[] because of . . . the possible need for separate discovery and motion tracks [or] for additional bellwether trials." (*Id.*).

In this Court's view, the panel's reasoning does not entirely foreclose a future MDL limited to claims filed against the Nevro Defendants; however, the Court is still not convinced that a stay under the present circumstances would promote judicial economy. This case was originally filed on May 1, 2025, over sixteen months ago, and this Court ruled on the Nevro Defendants' Rule 12(b)(6) Motion to Dismiss four months ago. Since then, this case has proceeded to the discovery phase, the Nevro Defendants have also filed a Motion for Partial Summary Judgment (ECF No. 44), and this Court's Scheduling Order sets the dispositive motions deadline on November 16, 2026. Thus, over the last sixteen months, both Parties have expended tremendous effort briefing the issues in this case, and given the deadlines set in the operative scheduling order, this action could proceed to trial in the next year. Under these circumstances, the Court cannot conclude that the judicial economy would be served by prolonging this case any further. *See Mullins v. Suburban Hosp. Healthcare Sys., Inc.*, No. PX-16-1113, 2017 WL 3023282, at *2 (D. Md. July 17, 2017) (concluding stay would not advance judicial economy because case had "been pending for over a year, pre-answer motions to dismiss were filed and decided, and the parties [were] currently in the thick of discovery).

Next, the Court considers the hardship to Mr. DiToto if this action were not stayed, as well as any prejudice to the Nevro Defendants if a stay were issued. *See Int'l Refugee Assistance Project*, 323 F. Supp. 3d at 731. Plaintiff generally asserts that the Parties would face unnecessary litigation costs and a risk of inconsistent rulings across jurisdictions if this case is not stayed.

(ECF No. 43 at 2). While the Court is sympathetic to the hypothetical risk of inconsistent rulings across jurisdictions, Plaintiff has failed to identify any past ruling of this Court (or any hypothetical future ruling) that would or could result in inconsistency upon transfer. *See generally* (ECF No. 43); *see also Nken v. Holder*, 556 U.S. 418, 433–34 (2009) (noting that the party requesting the stay "bears the burden of showing that the circumstances justify an exercise of that discretion").

In contrast, the Nevro Defendants assert that a stay would substantially prejudice them in light of the fact that their Motion for Partial Summary Judgment remains unopposed. (ECF No. 45 at 4). That Motion may be appropriately litigated. A stay at this juncture would not be in the interest of either of the Parties.

Finally, the Court again reiterates that it is Plaintiff's burden to demonstrate that the circumstances of the case justify a stay. *See Nken*, 556 U.S. at 433–34. While the Court is sympathetic to Plaintiff's efforts to seek centralization of related actions concerning the Nevro Defendants' Senza II SCS, Plaintiff's Motion does little more than recite the factors the Court must consider—judicial economy, hardship, and prejudice—without marshalling any facts or arguments in support. Thus, after sixteen months of active litigation, the Court concludes that the balance of factors weighs against issuing a stay. Accordingly, Plaintiff's Motion to Stay Proceedings Pending 28 U.S.C. § 1407 Motion for Transfer is DENIED.

## CONCLUSION

For the reasons stated above, it is this 17th day of September, 2026, hereby ORDERED that:

1. Plaintiff's Motion to Stay Proceedings Pending 28 U.S.C. § 1407 Motion to Transfer (ECF No. 43) is DENIED;
2. Plaintiff is directed to file a response to Defendant's Motion for Partial Summary Judgment by October 19, 2026; and
3. The Clerk of this Court shall transmit a copy of this Memorandum Order to counsel of record in this matter.

/s/
Richard D. Bennett
United States Senior District Judge